[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Horace S. Simmons, has moved to dismiss the complaint of the plaintiff, Leigh Shemitz, for lack of proper service of process. The defendant claims that the complaint was not served on him either personally or by abode service and that the court therefore lacks personal jurisdiction. The complaint, which bears a return date of October 19, 1993, alleges that the plaintiff suffered personal injuries because of the negligence of the defendant in a motor vehicle accident that is alleged to have occurred on October 8, 1991. An appearance was filed by counsel for the defendant on December 2, 1993 without a motion for default having been filed.
Section 52-57 C.G.S. permits abode service in civil actions.
The issue is a factual one. At a hearing, the defendant presented the testimony of his wife, and counsel for the parties stipulated that the court should rely on the affidavits of the defendant and of deputy sheriff Robert S. Miller, both of whom were unavailable at the time of the hearing.
The sheriff's return indicates that abode service was made on Horace S. Simmons by leaving the writ, summons and complaint at his abode, 30 Lucy Street, New Haven, Connecticut on September 28, 1993. Mrs. Simmons testified that 30 Lucy Street has been her husband's abode for thirty years but denied that process had been made there. In his affidavit, Mr. Miller stated that he made service as described in his return and added the further detail that he had talked to a child who was approximately 12 years old who stated that "the defendant was either his father or his grandfather, and that he lived at 30 Lucy Street."
The deputy sheriff further avers that he left the complaint inside the house, under the door.
Mrs. Smith denied having either a son or a grandson of the age of the child mentioned in the affidavit of the deputy sheriff, and she denied that civil process was found under any of the doors to her house on September 28, 1993. On cross examination, she was unable to identify how many grandchildren she had on that date, and she was unable to state their ages. She admitted that some of the grandchildren are at times present at her home. She had no CT Page 1640 recollection whether she was at home on the day in question.
The court finds that Mrs. Simmons' testimony was vague and unconvincing. The submission by Horace Simmons, though titled "Affidavit" bears no indication that it was signed under oath and it does not explain how counsel happened to appear on his behalf if no service was made upon him. The court finds that abode service was made as described in the affidavit and return of the deputy sheriff.
The motion to dismiss is denied.
Beverly J. Hodgson Judge of the Superior Court